**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEREN TAMALI SITA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-1422 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, a resident of Vermont, Compl. at 4, allegedly filed a housing discrimination claim with the U.S. Department of Housing and Urban Development ("HUD"), Office of Fair Housing and Equal Opportunity, *see id*. at 5. The matter was assigned to an investigator who allegedly failed to handle the complaint properly, and after having an in-person meeting with Plaintiff, allegedly "made or responded to communications" from Plaintiff in an "inappropriate, unprofessional, and sexually suggestive" manner. *Id*. at 6. Plaintiff deemed "such conduct . . . unwelcome, irrelevant to the investigative process, and [it] contributed to a hostile and obstructive environment in which Plaintiff's complaint was not handled in a fair or neutral manner." *Id*. The investigator notified Plaintiff in writing "that he perceived Plaintiff's conduct . . . a 'threat' and that all future communication would be restricted to written correspondence." *Id*. HUD's alleged "failure . . . to correct" the investigator's conduct allegedly "resulted in the obstruction of [Plaintiff's] housing discrimination complaint." *Id*.

Under 28 U.S.C. § 1915, the Court "shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious[, or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Having taken judicial notice of opinions and orders from other court proceedings, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d

1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002), the Court finds that plaintiff has sued HUD and the investigator twice before and lost, *see Sita v. U.S. Dep't of Housing and Urban Devel.*, No. 2:25-cv-0256 (D. Vt. Dec. 10, 2025) (ECF No. 8) (dismissing amended complaint under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) without leave to amend); *Sita v. U.S. Dep't of Housing and Urban Devel.*, No. 2:24-cv-0899 (D. Vt. Feb. 21, 2025) (ECF No. 7) (dismissing amended complaint under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) without leave to amend, and warning plaintiff "that a third case concerning the same events at issue in this case may result in the issuance of a filing injunction"). And now before the Court is yet another civil action against these same defendants raising substantially similar claims.

"A complaint that merely repeats pending or previously litigated claims may be considered abusive[.]" *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam). This Court deems the instant complaint abusive and subject to dismissal as malicious. *See, e.g., Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972) (approving trial court's dismissal of a complaint, prior to service of process, on the ground that the plaintiffs sought to relitigate issues already litigated); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (same); *Hurst v. Counselman,* 436 F. App'x 58, 61 (3d Cir. 2011) (same); *Dantzler v. U.S. Equal Employment Opportunity Comm'n*, 810 F. Supp. 2d 312, 320 (D.D.C. 2011) ("[T]he court's review of the plaintiff's current claims and his previous claims indicate that the plaintiff's current claims have all been previously litigated in the Louisiana courts and, as such, should be considered abusive.").

Judicial resources are limited. "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Plaintiff has had her bite.

An appropriate Order shall issue today.

2026.10.15
11:26:50 -04'00'

TREVOR N. McFADDEN
United States District Judge

DATE: October 15, 2026